O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GALL,<br><br>              Plaintiff,<br><br>     vs.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>              Defendant. | CASE NO. ED CV 09-01077 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

Plaintiff asserts that the Administrative Law Judge did not properly evaluate the opinion of a treating physician, did not appropriately consider the evaluations of a social worker and her intern, did not consider the side effects of Plaintiff's medications, and did not present a complete hypothetical question to the vocational expert. None of these arguments has merit.

Plaintiff asserts that the Administrative Law Judge ignored the opinion of Dr. Payne, a psychiatrist who diagnosed Plaintiff with bipolar disorder and assigned him a General Assessment of Functioning of 35, under the scale found in the American Psychiatric Association's DIAGNOSTIC AND STATISTICAL MANUAL, 4th edition. This argument has no merit. The Administrative Law Judge did in fact find that Plaintiff has a mental disorder, which he said was most likely bipolar disorder, not otherwise specified, [AR 10] and he mentioned bipolar disorder as one of the impairments that Plaintiff claimed

to have. [AR 12]  While the Administrative Law Judge did not mention Dr. Payne by name, he went to great lengths to explain why he found that the evidence did not support a determination that Plaintiff, having the severe mental impairment, nevertheless did not have a disabling mental impairment. [AR 12-14]

This decision had substantial support in the record. The Administrative Law Judge relied on the opinion of the testifying medical expert, who reviewed the entire record, and also participated in the two hearings. In addition, the Administrative Law Judge relied on record evidence suggesting that Plaintiff was malingering, of a psychiatric examiner who discredited Plaintiff significantly (and assigned him a GAF of 90), on the facts that Plaintiff often did not take his medications, and that the claims of hallucinations did not fit in with his claimed impairments. While the opinion of a treating physician is given greater weight than the opinion of other physicians. *Aukland v. Massanari*, 257 F.3d 1033, 1036 (9th Cir. 2001), the Ninth Circuit has said that "we have consistently upheld the Commissioner's rejection of the opinion of a treating or examining physician, based in part on the testimony of a nontreating, nonexamining medical advisor." *Morgan v. Apfel*, 169 F.3d 595, 602-03 (9th Cir. 1999). The Administrative Law Judge acted well within his authority in determining that Plaintiff's mental impairment was not disabling, notwithstanding the medical records from Dr. Payne.

The Administrative Law Judge also was not required to accept the GAF given to Plaintiff by a social worker and the social worker's intern. Neither of these individuals is an acceptable medical source upon whom the Administrative Law Judge must rely. 20 C.F.R. §§ 416.902 and 416.913(a). Furthermore, the careful explication of the medical evidence, and the opinion of the medical expert upon which the Administrative Law Judge did rely, were sufficient to justify his conclusions as against the assessment of these sources.

Plaintiff also asserts that the Administrative Law Judge did not properly consider the side effects of his various medications. The Court disagrees. The Administrative Law Judge noted that adjustments were made to Plaintiff's medications

when Plaintiff complained, and noted moreover that there was substantial evidence that Plaintiff did not even take his medications, despite which Plaintiff nevertheless was found by the consulting examiner to be quite functional. [AR 12-13]  The Administrative Law Judge sufficiently discharged his duty in discussing the medications.

Plaintiff's last argument, that the Administrative Law Judge gave the vocational expert an incomplete hypothetical question, has no merit.  It assumes that Plaintiff's other arguments are correct, which they are not.

In accordance with the foregoing, the Commissioner's decision is affirmed.

DATED:  March 24, 2010

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE